CONRAD

*v.*

JOHNSTON.

(*Supreme Court of Appeals of Virginia, Sept. 26, 1878.*)

**Attorney and Client—Covenant for Fee Out of Proceeds of Suit— Case at Bar.**

A covenant was entered into between an attorney and his client whereby the client agrees to pay the attorney a certain sum, in consideration for his services in a suit in chancery, to be paid out of the moneys which may be recovered in said suit, but if no recovery is had in the same, then no further fee for such services is to be charged: *held*:

**Same—Same—Contingent.**

1. That such covenant is not absolute, but contingent on a re- covery in the chancery suit, and that the said sum of money is payable out of said recovery, if such recovery be had.

**Same—Same—Operated as an Assignment.**

2. That the said covenant operated as an assignment in equity to the attorney of any moneys which might be recovered by the plaintiffs in the said suit, to an amount not exceeding the specified sum, and if any moneys were so recovered in the said suit and appropriated by the plaintiff to his own use such appropriation entitled the attorney to an attachment against the estate and effects of the plaintiffs in this state (he being a nonresident), and to subject the same to the payment of the sum to which the attorney was entitled out of said recovery.

Appeal from decree of the circuit court of Clarke county in which the appellant Conrad was plaintiff, and appellee Johnston was defendant.

The opinion states the facts.

*Donald & Moore,* for appellant.

*Samuel J. C. Moore & Son,* for appellee.

BURKS, J., delivered the opinion of the court.

The convenant of the appellee, Wm. Johnston, which is the foundation of the controversy in this cause, is in these words :

"I do hereby promise and agree with Robert Y. Conrad to pay to him the sum of five hundred dollars, in consideration for his services in a suit in chancery in the circuit court of Clarke county, of Wm. Johnston and wife v. Corbina E. Neill, to be paid out of the monies which may be recovered in said suit, but if no recovery is had in the same, then no further fee for such services is to be charged. Witness my hand and seal, this 29th day of September, 1866.

"Wm. Johnston (L. S.)."

The court is of opinion that the obligation of the appellee Johnston under the covenant is not absolute, but contingent on a recovery in the chancery suit of Johnston and wife v. Corbina E. Neill, and that the said sum of money is payable out of said recovery, if such recovery be had.

This is the fair construction of the covenant, as we think, according to its terms, and it would seem to be the construction put upon the instrument by Mr. Conrad himself ; for the covenant bears an endorsement in these words, "Wm. Johnston's contingent fee"; which endorsement is admitted to be in Mr. Conrad's handwriting. Indeed, this construction is not inconsistent, but seems to accord with the bill filed by Mr. Conrad in his lifetime. He files the convenant as an exhibit and recites it in the bill, not in terms alleging that it is an absolute engagement of Johnston to pay him $500.00, but impliedly at least that it is contingent on recovery in the suit of Johnston and wife v. Neill ; for he proceeds to allege, that there was a recovery in said suit and that John–

ston had appropriated the recovery to his own use, thus depriving him (Conrad) of the money to which he was entitled under the covenant, and he accordingly prays for an attachment to subject other monies of Johnston to the payment of the sum claimed under the covenant.

The language employed in the concluding part of the covenant ("but if no recovery is had in the same, then no further fee for such services is to be charged"), seems more fully, than what precedes, to show that the sum of five hundred dollars, which was to be paid out of the monies recovered, was the only compensation to be paid in any event. The substance of the agreement would seem to be that Mr. Conrad should have as a compensation for his services, five hundred dollars of the monies recovered, and if nothing was recovered he would get nothing ; "no further fee for such services is to be charged," that is, he is to be wholly compensated out of the recovery.

The court is further of the opinion that the said covenant operated as an assignment in equity to the covenantee, Robert Y. Conrad, of any monies which might be recovered by the plaintiffs in the said suit of Johnston and wife v. Neill and others, to an amount not exceeding five hundred dollars, and if any monies were so recovered in said suit and appropriated by the appellees, Johnston, etc., to his own use, such appropriation entitled the said Robert Y. Conrad to an attachment against the estate and effects of and debts owing to said Johnston in this state (he being a nonresident), and to subject the same to the payment of the sum to which he (Conrad) was entitled out of said recovery.

If the appellee, Johnston, can be said to have recovered anything in the suit of Johnston and wife v. Neill and others, it was on account of the rents and monies collected by him as special receiver. On this account, he had in his hands as of the 7th day of July, 1872, $1,348.32. He was

1 Va Dec—8

ordered to pay over this amount to other receivers in the case, which, it seems, he has never done.   He claims this as one of the distributees of the Neill estate in right of his wife.   There has been no order or decree directing or allowing him so to retain said amount.   He certainly has an interest in it as distributee in right of his wife, and, it may be, that he is entitled to the whole amount.   There is not, however, sufficient evidence in the record to enable us to say whether he is entitled to a whole or to a part.   Whatever sum he is entitled to in this fund and which he retains may be regarded as recovered by him in the suit of Johnston and wife v. Neill and others.   It was certainly secured in that cause and in the lifetime of Mrs. Neill, and if it had not been it would have been inevitably lost.   A large portion of the Neill estate, it seems, is in West Virginia, and therefore beyond the jurisdiction of the courts of this commonwealth.

In this condition of affairs the circuit court, instead of abating the attachment against the estate, property and effects of and debts owing to Johnston and allowing the bill of Conrad's executors to be filed as a petition in the case of Johnston and wife v. Neill and others, and then, on hearing, dismissing the petition, should have ordered this cause heard in conjunction with the cause last named and the cause of McCormick and wife v. Neill and others, and, before such hearing, should have ordered proper accounts and enquiries to ascertain whether the appellee Johnston is entitled as distributee in right of his wife to the whole amount of money in his hands as receiver, and if not to the whole, how much he is so entitled to, and at the hearing of the cause should have subjected any estate of Johnston under the control of the court in said causes, including the estate and debts attached, to the payment of Conrad's executors, not exceeding in such payment, however, the sum to which it may have

been made to appear by such accounts and inquiries that Johnston in right of his wife was entitled to on account of the monies ascertained to be in his hands as aforesaid.

The decrees, therefore, of the 2nd of March, 1878, and February 11th, 1878, will be reversed, so far as they are in conflict with this opinion, and the cause will be remanded for further proceedings.